UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY CYRUS,                                            Case No. 1:11-cv-234

        Plaintiff,                                        Barrett, J.
                                                          Bowman, M.J.
v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

### REPORT AND RECOMMENDATION

Plaintiff has filed a motion seeking an award of attorney's fees under 42 U.S.C. §406.  Pursuant to local practice, the motion for attorney's fees and costs has been referred to the undersigned magistrate judge.  For the reasons that follow, I recommend that the motion be GRANTED.

**I.  Background**

In 2004, Plaintiff filed his first application for disability benefits, alleging disability beginning in June of 2003.  Plaintiff's first application was denied in 2006 after an evidentiary hearing before an ALJ.  There is no record of any judicial appeal of that decision.  Instead, Plaintiff filed a new application in 2008, alleging the same 2003 disability onset date.  Plaintiff's second application also was denied after an evidentiary hearing held before an ALJ.  On April 8, 2011, Plaintiff retained his present counsel in order to judicially appeal that second adverse decision.[1]  On April 19, 2011, Plaintiff's counsel filed suit in this Court to appeal the second adverse decision, dated February 2010, pursuant to 42 U.S.C. §405(g).

Following review of the parties' arguments and the administrative record, the

undersigned recommended remand for further review of the 2010 decision under sentence four of 42 U.S.C. §405(g). That report and recommendation was adopted by the presiding district judge on July 31, 2012. (Docs. 24, 25). The primary basis for remand was the ALJ's legal error in failing to consider the residual functional capacity ("RFC") determined in the prior 2006 decision by the ALJ who had evaluated Plaintiff's first disability claim. An ALJ is bound by the RFC determined in a prior decision absent evidence of improvement in his condition. *See Drummond v. Com'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir. 1997). Following the entry of judgment by this Court on July 31, 2012, the above-captioned case was closed. (Doc. 26). Plaintiff could have sought an attorney's fee award under the Equal Access for Justice Act ("EAJA") shortly after judgment was entered but elected not to do so.

It appears that, after remand by this Court, proceedings at the administrative level continued until on or about November 5, 2013, when Plaintiff received a Notice of Award stating that additional review had resulted in a determination of disability, and that he would therefore receive benefits retroactive to April 2007. (Doc. 29-1 at 5). Nearly nine months later, on July 30, 2014, Plaintiff's counsel filed a motion in this Court seeking an award of attorney's fees pursuant to 42 U.S.C. §406(b). (Doc. 27).

Plaintiff's current motion reflects that Plaintiff signed two different fee contracts in April of 2011. In the first contract, dated April 8, 2011, Plaintiff agreed to pay 25% of the back due benefits (if awarded) or $6,000.00, whichever was less, based upon the success of the appeal of the ALJ's 2010 adverse disability determination. (Doc. 29-1 at 3). On April 9, 2011, the day after Plaintiff signed the fee agreement concerning the 2010 decision, he signed a second fee agreement with the same attorney in which he

---

[1]Plaintiff had been represented by different counsel at the administrative level up until his judicial appeal.

agreed to pay the same amount of money (25% of benefits or $6,000.00, whichever was less), for pursuing a brand <u>new</u> (third) claim for disability benefits to be filed at the administrative level.

Plaintiff's §406(b) motion seeks a judicial determination from this Court that he is entitled to an award of $6,000 in order to reflect an additional payment under the April 8, 2011 fee contract. Plaintiff explains that, following remand, Plaintiff's newly filed third application for benefits was consolidated with the remanded appeal of the denial of his second application. Plaintiff filed an affidavit with his reply memorandum attesting to his understanding that – prior to consolidation of the 2008 and 2011 separate applications - the two separate fee contracts reflected his agreement to pay $6,000.00 for each of those two separate "cases": (1) the appeal of the ALJ's 2010 adverse decision in this Court; and (2) the pursuit of the newly filed 2011 application at the administrative level. The affidavit further reflects Plaintiff's belief that "if the back due benefit totaled $48,000.00 or more that he would only owe $12,000.00 on both cases for a legal fee." (Doc. 29-1 at 1).

The November 2013 Notice of Award reflects that the Social Security Administration withheld a total of $18,122.50 from the substantial award of past-due benefits for potential attorney compensation, an amount reflecting the statutory maximum fee of 25% of the total past-due benefits award. (Doc. 29-1 at 6). Plaintiff's motion states that counsel already has received fees for the work he performed at the administrative level under the April 9, 2011 fee contract, in the amount of $6,000.00, the maximum award for compensation of work performed at the administrative level under 42 U.S.C. §406(a). Plaintiff seeks an additional award of $6,000.00 to be paid to counsel out of the benefits withheld from the total award, with the balance of $6,225.00

3

to be returned to the Plaintiff.

In opposition to Plaintiff's motion, Defendant argues that because counsel admits he has been paid $6,000.00, no additional award should be made under the express terms of the fee agreement(s). Defendant points out that the only difference between the two contracts are their respective dates of April 8 or April 9, 2011. Because the contracts otherwise are identical and specify that each "comprises the entire contract" between the parties, and because Plaintiff's Notice of Award reflects only a single (consolidated) case, Defendant urges this Court to deny the pending motion.

## II. Analysis

### A. Relevant Provisions for Payment of Attorney's Fees

Prior to turning to the motion at hand, it is useful to briefly review the three statutory provisions that provide for the payment of attorney's fees to counsel who practice before the Social Security Agency at the administrative level, or who successfully appeal adverse social security decisions to this Court. First, the EAJA, which broadly applies outside of the social security context, authorizes this Court to require the United States to pay an award of attorney's fees and costs to a "prevailing party" in a civil action brought against the United States or one of its agencies or officials. *See* 28 U.S.C. §2412(d)(1)(A). A plaintiff who wins a remand under sentence four of 42 U.S.C. §405(g) of his social security appeal is considered to be a "prevailing party," regardless of whether benefits are awarded following remand. An EAJA fee award has no impact upon a claimant's future award of benefits, because the award essentially comes from the claimant's adversary. As stated, although Plaintiff could have sought fees under the EAJA, Plaintiff elected not to file a motion for EAJA fees in

4

this case, and his time for doing so has long expired.[2]

However, Plaintiff's prior decision not to pursue an EAJA fee award does not mean that counsel will go uncompensated. Two additional statutory fee provisions are contained in the Social Security Act itself. For work performed by counsel at the administrative level, 42 U.S.C. §406(a) provides for payment of fees, generally up to $6,000.00. The referenced provision authorizes payment to both attorneys and to non-attorney representatives, as the title reflects, "for representation before [the] Commissioner of Social Security." Because §406(a) is designed to pay for work performed at the administrative level, it is the Commissioner of the Social Security Agency, and not this Court, that is authorized to make those awards. *See generally Cohn Law Firm v. Astrue*, 968 F. Supp.2d 884 (W.D. Tenn. 2013)(granting summary judgment to Commissioner where Plaintiffs filed suit under the Mandamus Act to compel Commissioner to pay additional fees under §406(a)).

Last but not least, federal courts are authorized to pay attorney's fees under 42 U.S.C. §406(b), up to the statutory maximum of 25%, for work performed in federal court during the appeal of an adverse administrative decision. In contrast to the EAJA which authorizes fees for obtaining remand to the agency even if no benefits are awarded, a §406(b) fee can be awarded <u>only</u> when the agency awards benefits to the plaintiff after remand.[3] Also in contrast to the EAJA, §406(b) fees come directly out of

---

[2]An EAJA motion must be filed within 30 days of the date that final judgment is entered by this Court. 28 U.S.C. §2412(d)(1)(b); (d)(2)(G).

[3]Unlike the EAJA which contains its own time limit, the time for filing a petition for fees pursuant to §406(b) is generally governed by Rule 54(d)(2), Fed. R. Civ. P. That procedural rule requires that any motion for fees be filed "no later than 14 days after the entry of judgment, unless otherwise provided by court order or statute." Based on the Judgment date of July 31, 2012, Plaintiff's 14-day period expired months before Plaintiff's motion was filed. However, other courts, including two published decisions within the Sixth Circuit, have applied Rule 54(d)(2) in combination with equitable tolling to dramatically extend the time period for filing a motion for attorney's fees under §406(b), by using the Notice of Award

the successful claimant's benefit's award, and generally must be supported by a fee agreement.

Despite the differences between these statutory provisions, Congress has made clear that an attorney may not obtain a double-recovery for the same work.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817 (2002); *see also Jankovich v. Bowen*, 868 F.2d 867, 871 n. 1 (6th Cir. 1989).  Thus, in cases where an attorney first receives an EAJA award and then subsequently seeks an award under §406(b), he or she is required to remit to the claimant the smaller of the two awards.  *Id.*  Similarly, the total fee award made under the combination of §406(a) and §406(b) generally may not exceed 25% of the total award of past benefits.  For the reasons discussed, the record here supports an additional award of fees under §406(b) in the amount of $6,000.00, limited to compensation for the work that counsel performed before this Court.

**B.  Merits of Motion**

The burden remains upon the attorney claiming the award to demonstrate his entitlement to the fee and the reasonableness of the fee award he or she seeks. *Gisbrecht v. Barnhart*, 535 U.S. at 807.  At the same time, an award of fees out of past-due benefits under §406(b) is discretionary, and will not be reversed absent an abuse of discretion. *See Damron v. Com'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir.1997) ("This court will reverse a fee award decision upon finding an abuse of discretion."); *c.f.*, *Pierce*

---

of benefits as the operative "judgment" date.  *See, e.g., Walker v. Astrue*, 593 F.3d 274, 276 (3rd Cir. 2010*); Reynolds v. Com'r of Soc. Sec.*, 292 F.R.D. 481, 484-485 (W.D. Mich. 2013); *Bentley v. Com'r of Soc. Sec.*, 524 F. Supp.2d 921, 924 (W.D. Mich. 2007)(applying equitable tolling and Rule 54(d)(2) on facts presented).  In R&Rs previously adopted by U.S. District Judges Dlott, Barrett, Beckwith, and Weber, the undersigned has applied equitable tolling to find §406(b) motions timely filed, even when they have been filed more than fourteen days after the Notice of Award.  *See, e.g., Willis v. Com'r of Soc. Sec.*, Case No. 1:10-cv-594-MRB, 2013 WL 4240835 (S.D. Ohio, Aug. 14, 2013), *adopted as modified in part*, 2014 WL 2589259 (S.D. Ohio, June 10, 2014).  In light of the continued paucity of Sixth Circuit case law, equitable tolling also will be applied here.  However, counsel is forewarned that in the future, any §406(b) motion should be more timely filed, within fourteen days of the Notice of Award.

6

*v. Barnhart*, 440 F.3d 657, 663 (5th Cir. 2006).

Plaintiff's motion is supported by a short memorandum that details time records from March 2011, prior to filing a judicial appeal in this Court, through July 28, 2014, the date that counsel prepared his §406(b) motion. Unfortunately, counsel has included all of the time that he spent on Plaintiff's behalf, both in this Court and before the administrative agency, without separation or differentiation of those time entries.

Only fees for time spent in federal court may be included in any award made pursuant to 42 U.S.C. §406(b). The social security statute, as interpreted by the Sixth Circuit, makes clear that attorney time spent in administrative proceedings may be separately compensated under §406(a), but may not be included in a fee award made by this Court.[4]

> We ……hold that each tribunal may award fees only for the work done before it. …Congress made distinct and explicit provisions for a "reasonable fee" for work done before the Secretary under section 406(a)(1) and that there is no requirement that such an award be made from past-due benefits. Likewise, we recognize that section 406(b)(1) establishes a separate standard for awarding fees for work performed in cases decided by a judge and that those fees may not be "in excess of 25 percent of the total of the past-due benefits." … [I]in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings

*Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

As exhibits to his reply memorandum, Plaintiff included copies of the two fee contracts and the 2013 Notice of Award, as well as an affidavit that reflects Plaintiff's

---

[4]Plaintiff's motion reflects a typographical error to the extent that a fee award is sought "pursuant to Section 206(a) of the Social Security Act" (Doc. 27 at 1), rather than Section 206(b) of that Act, 42 U.S.C. §406(b).

7

"understanding…that a total maximum fee" under the two contracts for both the work performed before the Commissioner and the work performed before this Court would be $12,000.00. Having reviewed the motion, the parties' memoranda, and supporting documentation, the undersigned finds the fee agreement(s) to be fair and reasonable under the circumstances presented. *See generally Gisbrecht*, 535 U.S. at 807-809 (holding that courts must review contingent fee agreements in social security cases to assure that they yield "reasonable results in particular cases.").

The facts that two separate fee agreements exist and that Plaintiff's third application for benefits was consolidated with the remand of his second application for benefits has been considered. On the one hand, the language of the two separate fee contracts is not a model of clarity. In addition to each agreement purporting to constitute "the entire contract between Attorney and Claimant," each contains language stating that "[n]o appeal to the Appeals Council or complaint in Federal District Court shall be filed unless a separate written agreement is entered into." However, Plaintiff's affidavit clarifies the inherent ambiguity. In his affidavit, Plaintiff represents that he intended the April 8 Agreement to authorize payment for counsel's services in federal court during the appeal of the denial of his second application for benefits, and the April 9 Agreement to authorize additional payment for counsel's services before the Commissioner in pursuing a third application for benefits.

In reviewing the record as a whole, the undersigned notes that Plaintiff's counsel was properly paid $6,000.00 by the Social Security Agency for his administrative work on the third application, as well as under the April 9 Agreement, pursuant to 42 U.S.C. §406(a). However, an award for work performed before this Court during the appeal of the second application for benefits has yet to be paid. Separating out the time records

that pertain to work performed before the agency from records for time logged in federal court, the undersigned finds that counsel expended, conservatively, at least 20 hours on the above-captioned case.

A full contingency award constituting 25% of the past due benefits may well constitute a windfall, especially in this case where the total award is large due primarily to the passage of time. But counsel does not seek a large "windfall" award. Instead, counsel appropriately seeks a more reasonable award of $6,000.00 for the work performed before this tribunal, in keeping with his Agreement. Considering the overall success obtained, an award of $6,000.00 for that work does not constitute a windfall. Therefore, counsel should be awarded the full amount of fees sought in his motion. *Accord Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689 (S.D. Ohio, 2013)(finding fee award to be reasonable for services rendered under §406(b)).

### III. Conclusion and Recommendation

For the reasons discussed herein, **IT IS RECOMMENDED THAT**:

Plaintiff's motion for approval of attorney's fees under 42 U.S.C. §406(b) (Doc. 27) be GRANTED, with Plaintiff's counsel to be awarded the sum of $6,000.00, representing the balance of the fees owed under counsel's fee agreement in this case. Pursuant to the fee agreement, the remainder of $6,225.00 previously withheld from the past-due benefits awarded should be paid to the successful Plaintiff herein.

      *s/ Stephanie K. Bowman*
      Stephanie K. Bowman
      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TIMOTHY CYRUS,

        Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:11-cv-234

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).